IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS MOURATIDIS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4860 |
| | : | |
| **JUDGE IDEE C. FOX,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**BARTLE, J.**                                                                                                    **MARCH 6, 2023**

Louis Mouratidis filed this action asserting claims against the President Judge of the Philadelphia Court of Common Pleas Idee C. Fox, Director of Judicial Records Eric Feder, and John Due (apparently a pseudonym) of the Office of Judicial Records. Currently before the Court are Mouratidis's Complaint ("Compl." (ECF No. 2)), and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No.1). For the following reasons, the Court will grant Mouratidis leave to proceed *in forma pauperis* and dismiss the Complaint.

## I.      FACTUAL ALLEGATIONS[1]

In a long and largely indecipherable Complaint, Mouratidis alleges a "systematic pattern of judicial and court official treason." (Compl. at 3.) Briefly restated, he alleges he has submitted court documents as a *pro se* litigator to seek to have criminal charges dismissed against him in the Court of Common Pleas. (*Id*. at 5.) The "clerk of court on the 3rd fl, has (WILLFULLY) disregarded the judges [*in forma pauperis*] approval for the plaintiff [sic], sent letter was mailed to Plaintiff [sic] to pay filing fees of $12.50" (*Id*. (referring to Exhibit C 2;

---

[1] The factual allegations are taken from Mouratidis's Complaint (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

parenthetical in original).[2]) He asserts that the Office of Judicial Records is responsible for maintaining official criminal case files and docket entries. (*Id*. at 6.) He alleges that Defendant Feder, as Director of the Office, is committing perjury, treason, and criminal acts by failing to respect his indigent status. (*Id*.) He alleges that Judge Fox, as President Judge, has neglected her jurisdiction and acts committed under her jurisdiction. (*Id*. at 7-8.) The Defendants allegedly

---

[2] Exhibit C 1 to Mouratidis's Complaint is a copy of an order entered in his criminal case, *Commonwealth v. Mouratidis*, CP-51-CR-0000059-2022 (C.P. Philadelphia) on September 29, 2022 permitting him to proceed without the payment of costs. (Compl. at 152.) Exhibit C 2 is an unsigned form letter from the Court of Common Pleas Office of Judicial Records dated October 11, 2022 stating that the Office "received your document but are unable to file them without the required $12.50 per motion filing [fee]." (*Id*. at 153.)

conspired to reject the judicial order granting him *in forma pauperis* status. (*Id*. at 9.) He seeks money damages.³ (*Id*. at 10.)⁴

---

³ Mouratidis labels his pleading as a "Complaint Civil & Criminal Action." (Compl. at 1.) Any claim alleging criminal liability or a violation of a criminal statute as a basis for civil liability is dismissed with prejudice. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").
   Also, criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (*per curiam*); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute.").

⁴ Attached to the Complaint are some 140 pages of documents apparently filed by Mouratidis *pro se* in his criminal case, and filed as an attempt to bring a private criminal complaint involving an incident where he was hired to remove trash from a building in Philadelphia. His actions apparently resulted in his being arrested and charged with numerous offenses including possession of an instrument of crime with intent, terroristic threats with intent to terrorize another, simple assault, reckless endangerment, and aggravated assault. *See Commonwealth v. Mouratidis*, CP-51-CR-0000059-2022 (C.P. Philadelphia). (Compl. at 14-152.)

3

## II.   STANDARD OF REVIEW

The Court grants Mouratidis leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Mouratidis is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Mouratidis's claims must all be dismissed with prejudice.  First, he names all of the Defendants in their official capacities.  The claims against Judge Fox and the employees of the Philadelphia Court of Common Pleas Office of Judicial Records are actually claims against the Pennsylvania Unified Judicial System.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against

an entity of which an officer is an agent.'"). Since the Pennsylvania Unified Judicial System is an instrumentality of the Commonwealth, those claims are also actually claims against the Commonwealth. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The Commonwealth is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.[5] *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Pennsylvania Unified Judicial System shares in the Commonwealth's Eleventh Amendment immunity. *See Benn*, 426 F.3d at 241. The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, any claims for money damages Mouratidis seeks to assert against the Commonwealth of Pennsylvania may not proceed.

Second, to the extent the Complaint can be construed to raise claims against the Defendants in their individual capacities, those claims also must be dismissed. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff

---

[5] State officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law. *See Ex parte Young,* 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Other than to seek the criminal prosecutions of the Defendants, for which the Court has noted he lacks standing, nothing in Mouratidis's Complaint can be interpreted as seeking prospective injunctive relief.

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, the claim against Judge Fox must be dismissed since there is no allegation that she was personally involved in the activities described in the Complaint.[6]

The claim against Defendant Eric Feder, alleging only that he is the Director of Judicial Records, also fails to state a plausible claim. Mouratidis appears to have named Feder solely because he is a supervisor. Liability under § 1983 cannot be predicated on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 22015); *Robinson v. Delbalso*, No. 22-2378, slip op. at 3-4 (3d. Cir. Nov. 28, 2022) (*per curiam*). However, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

---

[6] Even if it were alleged that Judge Fox personally acted in her judicial capacity to charge Mouratidis the $12.50 fee, she would be entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (holding that judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction). Accordingly, the claim against her will be dismissed with prejudice.

Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Because there is no assertion that Feder was personally involved in a denial of Mouratidis's constitutional rights, or with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused constitutional harm, the individual capacity claim against Feder must be dismissed.

The individual capacity claim against the John Due employee of the Office of Judicial Records, presumably the person that sent the form letter asking Mouratidis to pay $12.50, is also not plausible. The Court understands Mouratidis to be asserting a First Amendment access to the courts claim over being asked to pay a fee to file a motion, rather than having it filed for free based on his *in forma pauperis* status. A person making an access to the courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). This is because the right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In other words, a person claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming

7

dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a person demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher*, 536 U.S. at 415. "[T]he underlying cause of action, . . . is an element that must be described in the complaint."[7] *Id*.

Mouratidis fails to allege that he lost a nonfrivolous and arguable claim because Defendant Doe attempted to collect $12.50 on October 11, 2022 for the filing of a motion. Notably Mouratidis does not explain in the Complaint what he requested to be filed. The docket sheet from Mouratidis's state court criminal proceeding indicates that at the relevant time period beginning in October 2022, he successfully filed of record a motion to suppress evidence, *Commonwealth v. Mouratidis*, CP-51-CR-0000059-2022 (C.P. Philadelphia) (entry of October 6, 2022), motions to proceed *pro se*, and for suppression, and an omnibus pre-trial motion (*id.*, entries of December 5, 2022). The state court record reflects that each of those motions remain pending at this time. Because there is no allegation that the attempt to collect $12.50 caused Mouratidis to suffer an actual injury, the claim must be dismissed as implausible.[8]

---

[7] While the right to access the courts may be satisfied if the plaintiff has an attorney, *see Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (*per curiam*), at the time Mouratidis asked for the copy and was charged $12.50 he was proceeding *pro se* in his criminal case. (Compl. at 59-72 (transcript of Aug. 9, 2021 hearing granting right to self-representation).) But, because he was proceeding *pro se*, he cannot allege a plausible claim that being charged $12.50 for the document somehow violated a Sixth Amendment right to counsel.

[8] Courts have also held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See e.g.*, *Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court

An appropriate Order follows dismissing this case with prejudice.

**BY THE COURT:**

/s/ Harvey Bartle III

_____
**HARVEY BARTLE III, J.**

---

clerk because he was a "nonjudicial official[] whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit.")  Sending a letter, correctly or incorrectly, to a litigant attempting to collect a statutorily required fee would be a duty required by statute for which Defendants Feder and Doe would be immune from suit.  Accordingly, the dismissal of the claims against Feder and Doe is also with prejudice.